**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| JAMES L. MOORE (#262204) | CIVIL ACTION |
| VERSUS | |
| TENSAS PARISH DETENTION CENTER | NO. 11-0764-JJB-DLD |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 10, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JAMES L. MOORE (#262204)  CIVIL ACTION

VERSUS

TENSAS PARISH DETENTION CENTER  NO. 11-0764-JJB-DLD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The pro se petitioner, Roosevelt Allen, a prisoner confined at the Tensas Parish Detention Center, Waterproof, Louisiana, challenges his conviction and sentence entered in the Parish of East Baton Rouge, State of Louisiana, on one count of simple burglary of an inhabited dwelling. The petitioner asserts that the trial court erred by failing to advise him of his rights prior to his admitting to being a fourth felony offender and that his attorney provided ineffective assistance of counsel at trial by failing to provide pretrial notice of the petitioner's intent to present an alibi defense.

Under 28 U.S.C. § 2254(b) and (c), a claimant seeking habeas corpus relief in federal court is required to first exhaust his claims by presenting them for review before the courts of the state in which he is confined. The exhaustion requirement is satisfied only when a petitioner's claims have been properly presented to the state's highest court, either on direct review or on post-conviction attack. Bufalino v. Reno, 613 F.2d 568 (5th Cir. 1980). As a general rule, federal habeas corpus relief is available on a habeas petition only when all of the claims in the petition have been exhausted through the state courts. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

A district court may notice on its own motion a petitioner's failure to exhaust state court remedies. McGee v. Estelle, 722 F.2d 1206 (5th Cir. 1984) (en banc). Without reaching the merits of the petitioner's claims, it is clear from a review of his application that he has not exhausted state

court remedies as mandated by federal statute. Specifically, by reference to an attachment to the petitioner's application, it appears that the Louisiana Court of Appeal for the First Circuit issued an opinion on September 14, 2011, affirming the petitioner's conviction and remanding the matter to the trial court for re-sentencing in light of the trial court's apparent failure to advise the petitioner of his rights at the habitual offender hearing. The petitioner concedes in his federal habeas application that, at the time of filing thereof, this re-sentencing in the state trial court had not yet occurred. In addition, although the petitioner asserts that he has filed a petition for supervisory review in the Louisiana Supreme Court relative to his conviction, he explicitly acknowledges that that petition was, at the time of filing of his federal habeas application, "unanswered" and "still undetermined". It therefore appears clear, on the face of the petitioner's application, that his claim for relief must be denied and his petition dismissed, without prejudice to later application upon exhaustion of state court remedies.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the petitioner's application for a writ of habeas corpus be dismissed, without prejudice to later application upon exhaustion of state court post-conviction remedies.

Signed in Baton Rouge, Louisiana, on January 10, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**