# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JAMES L. MOORE (#262204)**  **CIVIL ACTION**

**VERSUS**

**TENSAS PARISH DETENTION CENTER**  **NO. 11-0764-JJB-DLD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 19, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**

JAMES L. MOORE (#262204)                                    CIVIL ACTION

VERSUS

TENSAS PARISH DETENTION CENTER                    NO. 11-0764-JJB-DLD

## AMENDED MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

It has come to the attention of the Court that the Magistrate Judge's Report and Recommendation entered in this proceeding on January 10, 2012, rec.doc.no. 6, erroneously referred to the name of the petitioner as being "Roosevelt Allen". For purposes of clarification, it is appropriate that the original Report and Recommendation be withdrawn and that this Amended Report and Recommendation be entered herein, correctly identifying the petitioner.

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The pro se petitioner, **James L. Moore**, a prisoner confined at the Tensas Parish Detention Center, Waterproof, Louisiana, challenges his conviction and sentence entered in the Parish of East Baton Rouge, State of Louisiana, on one count of simple burglary of an inhabited dwelling. The petitioner asserts that the trial court erred by failing to advise him of his rights prior to his admitting to being a fourth felony offender and that his attorney provided ineffective assistance of counsel at trial by failing to provide pretrial notice of the petitioner's intent to present an alibi defense.

Under 28 U.S.C. § 2254(b) and (c), a claimant seeking habeas corpus relief in federal court is required to first exhaust his claims by presenting them for review before the courts of the state in which he is confined. The exhaustion requirement is satisfied only when a petitioner's claims have been properly presented to the state's highest court, either on direct review or on post-conviction attack. Bufalino v. Reno, 613 F.2d 568 (5th Cir. 1980). As a general rule, federal habeas corpus

relief is available on a habeas petition only when all of the claims in the petition have been exhausted through the state courts.  Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

A district court may notice on its own motion a petitioner's failure to exhaust state court remedies.  McGee v. Estelle, 722 F.2d 1206 (5th Cir. 1984) (en banc).  Without reaching the merits of the petitioner's claims, it is clear from a review of his application that he has not exhausted state court remedies as mandated by federal statute.  Specifically, by reference to an attachment to the petitioner's application, it appears that the Louisiana Court of Appeal for the First Circuit issued an opinion on September 14, 2011, affirming the petitioner's conviction and remanding the matter to the trial court for re-sentencing in light of the trial court's apparent failure to advise the petitioner of his rights at the habitual offender hearing.  The petitioner concedes in his federal habeas application that, at the time of filing thereof, this re-sentencing in the state trial court had not yet occurred.  In addition, although the petitioner asserts that he has filed a petition for supervisory review in the Louisiana Supreme Court relative to his conviction, he explicitly acknowledges that that petition was, at the time of filing of his federal habeas application, "unanswered" and "still undetermined".  It therefore appears clear, on the face of the petitioner's application, that his claim for relief must be denied and his petition dismissed, without prejudice to later application upon exhaustion of state court remedies.

<u>RECOMMENDATION</u>

It is recommended that the Magistrate Judge's Report and Recommendation of January 10, 2012, rec.doc.no. 6, be withdrawn and that this Amended Report and Recommendation be substituted herein, recommending that the petitioner's application for a writ of habeas corpus be dismissed, without prejudice, for failure to exhaust state court post-conviction remedies.

Signed in Baton Rouge, Louisiana, on January 19, 2012.


**MAGISTRATE JUDGE DOCIA L. DALBY**